UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DERRICK ALLEN

V.

ENVIROGREEN LANDSCAPE
PROFESSIONALS, INC.

CIVIL ACTION

NO. 14-506-JWD-RLB

## RULING ON MOTION FOR RECONSIDERATION

This matter is before the Court on the Motion for Reconsideration (Doc. 22) filed by pro se plaintiff Derrick Allen ("Plaintiff" or "Allen"). No opposition has been filed. After careful review of the Plaintiff's motion and memorandum and the relevant law, the Court denies Plaintiff's motion.

### Background and Relevant Procedural History

On August 13, 2014, Plaintiff filed a complaint against Envirogreen Landscape Professionals, Inc. ("Defendant" or "Envirogreen") under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), alleging that he was retaliated and discriminated against. (Doc. 1.) Plaintiff's complaints were summarized in this Court's Ruling and Order (Doc. 20) and will not be repeated here.

On November 13, 2015, Defendant filed a Motion for Summary Judgment (Doc. 11) which was opposed by Plaintiff (Doc. 13). On May 3, 2013, the Court granted Defendant's Motion for Summary Judgment (Doc. 20) and entered judgment dismissing his claims with prejudice (Doc. 21).

## The Present Motion

On May 16, 2016, Plaintiff timely filed the present motion. (Doc. 22.) While styled a "Motion for Reconsideration," Plaintiff invokes Fed. R. Civ. P. 59,[1] asking the Court for a "New Trial; Altering or Amending [the] Judgment" and for this Court to reconsider its ruling and deny Defendant's motion. (Doc. 22 at 1.) Specifically, he asks the Court "open the judgment" to "take additional testimony [and] amend [the] findings of fact and conclusions of law or make new ones." (*Id.*)

In support of his motion, Plaintiff claims that the Court erred in concluding that Title VII does not "protect[] wage issues." (*Id.*) Second, he claims that the Court overlooked Document 17-1, attached to Plaintiff's Sur-Reply. (*Id.*) Finally, he charges that Defendant "never supported" its allegation that it did not discriminate against Plaintiff. (*Id.*)

## Applicable Law

Strangely enough, the Rules do not formally recognize the existence of motions for reconsideration. *E.g.*, *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). Despite this dearth, courts customarily consider such motions under either Rule 60(b) or Rule 59(e). *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991); *accord Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). Actually, any "postjudgment motion [is] . . . considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174, 109 S. Ct. 987, 990, 103 L. Ed. 2d 146 (1989) (quoting *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 451, 102 S. Ct. 1162, 1166, 71 L. Ed. 2d 325 (1982)). In accordance with

---

[1] In this opinion, any and all references to "Rule []" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

binding precedent, a motion for reconsideration is to be granted if any one of four circumstances is shown.[2]

Two bases are most often invoked. Reconsideration should take place if a court (1) is presented with newly discovered evidence or (2) has committed clear error. *Circuit City Stores, Inc. v. Mantor*, 417 F.3d 1060, 1064 n.1 (9th Cir. 2005) (quoting *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *see also Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) ("[A] motion [for reconsideration] is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."). As a general matter, therefore, when a court is asked to review its own grant of a motion for summary judgment, reconsideration cannot be had under either Rule 59 or Rule 60 if a plaintiff bore the burden of proof "to demonstrate the existence of a genuine issue of material fact concerning this essential element" and failed to present evidence, then extant, that would have so shown. *See Knight v. Kellogg Brown & Root Inc.*, 333 F. App'x 1, 8 (5th Cir. 2009); *cf. Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986) ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). In other words, "[a]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *ICEE Distribs. Inc. v. J&J Snack Foods Corp.*, 445 F.3d 841, 847–48 (5th Cir. 2006) (quoting *Templet v. Hydro Chem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)).

---

[2] The same essential test is utilized whether Rule 59 or Rule 60 forms the basis for the motion.

Beyond this familiar duo, other grounds have been recognized. Hence, (3) if the initial decision was manifestly unjust, reconsideration is merited. *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)). Lastly, (4) change in controlling law can justify an order's modification. *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Other "highly unusual circumstances" may do as well. *Sch. Dist. No. 1J*, 5 F.3d at 1263. Any such further inquiry must account for the fact that a motion for reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted); *see also ICEE Distribs. Inc.*, 445 F.3d at 847–48; *cf. Messinger v. Anderson*, 225 U.S. 436, 444, 32 S. Ct. 739, 740, 56 L. Ed. 1152 (1912) (observing that "the practice of courts [is] generally to refuse to reopen what has been decided").

In utilizing this test, courts have repeatedly deemed invalid a number of different grounds often advanced. Such motions may not be used "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *see also, e.g., Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473–75 (5th Cir. 1989) (commentating that Rule 59(e) motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence" (internal quotation marks omitted) (citing *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982) *aff'd*, 735 F.2d 1367 (7th Cir. 1984))). Old arguments cannot be reconfigured, robed anew. *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 & n.18 (S.D. Tex. 1994) (collecting cases). An "unhappy litigant" cannot enjoy "one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

"Rule 59(e) requires something new and decisive, some blatant injustice, or an obvious error, not substantively identical assertions reechoed." *United States ex rel. Carter v. Bridgepoint Educ., Inc.*, No. 10-CV-01401-JLS (WVG), 2015 U.S. Dist. LEXIS 26423, at *16–17 (S.D. Cal. Feb. 20, 2015) (citing *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985); *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003); and *Bahrs v. Hughes Aircraft Co.*, 795 F. Supp. 965, 965 (D. Ariz. 1992); *cf. Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir. 1981) ("The law of the case will be disregarded only when the court has a clear conviction of error with respect to a point of law on which its previous decision was predicated." (internal quotation marks omitted))). Essentially, as case after case evidences, "[a] motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled," *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005) (relying on *Nunes v. Ashcroft*, 375 F.3d 805, 807-08 (9th Cir. 2004), *and Brogdon v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000)), or to "repackage familiar arguments to test whether the Court will change its mind," *Brogdon*, 103 F. Supp. 2d at 1338. It remains, and has always been, a very "limited vehicle." *Petrossian v. Collins*, 523 F. App'x 861, 864 (3d Cir. 2013) (citing to *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

**Application**

As to the first of Plaintiff's complaints, i.e. that the Court erred in concluding that Title VII does not "protect[] wage issues," Plaintiff cites no authority in support of this argument. (Doc. 22 at 1.) As stated in the Ruling and Order, "an employee's complaints do not constitute protected activity when they are based on salary or wages and when they are unrelated to discrimination against a protected group." (Doc. 20 at 9 (citing *Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608, 616 (W.D. Tex. 2005)).) As explained in detail in the Ruling and

5

Order, "Plaintiff has failed to create a genuine issue of fact that he opposed a practice made unlawful by Title VII." (Doc. 20 at 10.) Plaintiff provides no new evidence to contradict this finding, only conclusory statements and unsupported arguments. (*See* Doc. 22.)

Second, he claims that the Court overlooked Document 17-1, page 1. (Doc. 22 at 1.) This allegation is flatly contradicted pages 13-14 of the Ruling and Order where this document was considered and rejected as "unsworn and unauthenticated" and, even if admissible, "is [too] conclusory and thus does not establish a question of fact as to any of the [] issues." (Doc. 20 at 13-14.) Plaintiff's final ground, that Defendant "never supported" its allegation that it did not discriminate against Plaintiff, is again unsupported and contradicted by Defendant's motion, memorandum and supporting documents, and Plaintiff's failure to identify specific evidence in the record which contradicted it. (*See discussion*, Doc. 20 at 14-16.)

## Conclusion

In sum, Plaintiff has failed to meet his burden necessary to justify granting his motion. His legal arguments are unsupported, and his factual assertions are contradicted by the record. He has proffered no new evidence other than conclusory statements and allegations. Plaintiff's motion is therefore **DENIED**.

Signed in Baton Rouge, Louisiana, on November 21, 2016.

JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA